**UNITED STATES of America, Plaintiff-Appellant,**

v.

**HANGAR ONE, INC. (formerly known as Southern Airways Company), Defendant-Appellee.**

No. 75–3654.

United States Court of Appeals, Fifth Circuit.

Nov. 9, 1977.

Rehearing Denied Jan. 5, 1978.

Wayman G. Sherrer, U. S. Atty., L. Scott Atkins, Asst. U. S. Atty., Birmingham, Ala., Morton Hollander, Chief, App. Sec., Leonard Schaitman, Rex E. Lee, Asst. Attys. Gen., Thomas G. Wilson, Atty., Dept. of Justice, Civ. Div., Washington, D. C., for plaintiff-appellant.

Harry R. Teel, Macbeth Wagnon, Jr., Allen Poppleton, Robert B. Donworth, Jr., Birmingham, Ala., for defendant-appellee.

Before TUTTLE, MORGAN and HILL, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

The original panel opinion dated September 29, 1977, is hereby withdrawn and this opinion is substituted in lieu thereof.

The appellant, the United States, brought this action for violation of the False Claims Act, 31 U.S.C.A. §§ 231–235 (1976), alleging that defendant, Hangar One, Inc., knowingly submitted defective materials to the government. After entry of summary judgment in favor of the defendant, the government brought this appeal. This court finds that summary judgment was inappropriate, and, accordingly, we reverse.

A detailed account of the facts appears in the lengthy opinion submitted by the trial court. *United States v. Hangar One, Inc.,* 406 F.Supp. 60 (N.D.Ala.1975). A brief summary will suffice for our purposes. Defendant contracted with the government to supply artillery shells during the Vietnam war. The agreement established an inspection procedure whereby defendant was obligated to inspect the shells before delivery to the government. Although defendant had primary inspection responsibility, the government placed in defendant's plant quality assurance representatives, who were to monitor defendant's inspectors.

The amended complaint alleges that the inspections were fraudulently conducted. Specifically, plaintiff alleged that at certain times, while the government representatives were absent, defendant's inspectors either completely failed to inspect or took shells which had already been rejected as defective and returned them to the production line for shipment to the government. As a result of these activities, the United States, between August, 1968, and December, 1969, allegedly received approximately 18,000 defective shells.

Following denial of its motion to dismiss, defendant moved for reconsideration, accompanying this motion with affidavits denying the fraud. Plaintiff was given an opportunity to file opposing affidavits and the motion was treated as one for summary judgment. Defendant's motion was granted, resulting in this appeal.

■ Summary judgment is proper where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). In order to make this determination, the trial court must view evidence in the light most favorable to the party opposing the motion. *BAW Manufacturing Co. v. Slaks Fifth Avenue,* 547 F.2d 928 (5th Cir. 1977). The trial court determined that plaintiff's affidavits were not sufficient to raise a genuine issue of material fact and entered judgment for the defendant. The issue is whether this determination was correct. We hold that it was not.

■ "[A]ffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e). Improper application of this standard caused the trial court to give insufficient weight to plaintiff's affidavits. It is clear that the requirement of an affirmative showing applies to the competency of the affiant and not to the admissibility of the evidence, yet the trial court discounted the plaintiff's affidavits, stating:

> the Marchant affidavit does not state facts which "affirmatively show" that evidence respecting those instances would be relevant and material with respect to any issue involving the acceptance of shell[s] on or after August 27, 1968, the date that the first acceptance was made of any shell[s] complained of herein. Because of the deficiency, the Marchant affidavit does not meet the requirements of FRCP 56(e) . . . .

406 F.Supp. at 127.

■ Contrary to the decision of the trial court, it is sufficient if the statements contained in the affidavit are in fact admissible; the affidavit need not contain any affirmative showing of admissibility. Fed. R.Civ.P. 56(e). Thus, the threshold issue of admissibility must be resolved before determining whether or not unresolved questions of fact exist. Plaintiff's affiants stated that they had personally engaged in acts of fraud against the United States; however, most, if not all of these acts occurred in connection with shipments other than the

ones which are the subject of this litigation. The trial court determined that this evidence would not be admissible, concluding:

> In the absence of some special circumstances not shown by any evidence in this record, evidence respecting transactions observed by Ellison before his discharge on June 5, 1969 would not be relevant or material as to any issue in this civil action respecting the government's acceptance of shell[s] under the 1969 Supply Contract because none of such shell[s] were accepted before July 8, 1969. Likewise, such evidence by Ellison would not be relevant or material as to any issue involving acceptance of shell[s] here complained of under the 1967 Supply Contract, the last of which were accepted on or before October 23, 1968, *unless* Ellison were employed on or before that date. Ellison's ·statement that he was first employed by defendant 'somewhere between October or November, 1968' is not sufficient to 'show affirmatively' that he was employed at any time on or before October 23, 1968. (emphasis in original).

406 F.Supp. at 127. There are two objections to this ruling. First, looked at in the light most favorable to the party opposing the motion, it should be inferred that the affiant *was* employed on or before October 23, 1968 and not, as the trial court inferred, that he was not employed on that date. Second, this ruling is contrary to the Federal Rules of Evidence. Pursuant to Rules 401, 402 and 404(b), evidence of other acts is admissible to establish motive, intent or plan. Fed.R.Evid. 401, 402, 404(b).

For the above reasons, the trial court's treatment of plaintiff's affidavits was erroneous. Giving the affidavits the full weight to which they are entitled, they are sufficient to raise a genuine issue of material fact.

■ Plaintiff's other contentions deserve brief mention. With respect to the question of corporate liability, the trial court ruled "that where someone less than an officer is involved, corporate criminal liability is imposed *only* where the criminal employee has a position of substantial responsibility and broad authority." 406 F.Supp. at 139. This limitation is contrary to the rulings of this court. In *United States v. Ridglea State Bank,* 357 F.2d 495 (5th Cir. 1966), this court indicated that a corporation will be liable for violations of the False Claims Act if its employees were acting within the scope of their authority and for the purpose of benefitting the corporation. There is nothing in the opinion to support a limitation such as the one drawn by the trial court. In short, liability of a corporation for a False Claims Act violation may arise from the conduct of employees other than those with "substantial authority and broad responsibility."

■ The trial court also ruled that the plaintiff's failure to trace the defective shells to the point of acceptance by the government was a bar to recovery, stating that this failure "leaves the subject one of speculation . . . ." 406 F.Supp. at 133. We agree that this may be a matter of speculation, and because it is such, summary judgment is improper. Furthermore, as appellant correctly argued, if any tracing requirement does exist, it would appear to be more relevant to the question of damages than to the issue of liability. The right to recover can be established by circumstantial evidence. *United States v. Milton Marks Corp.,* 240 F.2d 838 (3rd Cir. 1957).

REVERSED and REMANDED.