**In re AQUASLIDE 'N' DIVE CORPORATION, Debtor and Debtor in Possession.**

**David M. and Marjorie GRZYBOWSKI, Appellants,**

v.

**AQUASLIDE 'N' DIVE CORPORATION,**
Appellee.

**BAP No. CC–86–2089 VJMo.**
**Bankruptcy No. LA 84–23505 CA.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 23, 1987.

Decided Dec. 18, 1987.

Sandra Kennedy, Cannon & Dunphy, S.C., Milwaukee, Wis., for appellants.

James A. Hinds, Jr., Wood, Lucksinger & Epstein, Los Angeles, Cal., for appellee.

Before VOLINN, JONES and MOOREMAN, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

David M. and Marjorie Grzybowski appeal from an order disallowing their claim against Aquaslide "N" Dive Corporation (Aquaslide). We affirm.

## FACTS

On or about July 14, 1984, David Grzybowski, appellant, was severely injured as a result of sliding down a slide into his swimming pool. It is alleged that the slide in question was manufactured by the debtor, Aquaslide. Neither the briefs nor excerpts of record describe the accident, except to say that he hit his head on the bottom of the pool and was rendered quadriplegic. On or about October 7, 1985, David M. and Marjorie Grzybowski filed a personal injury and products liability claim in Milwaukee County in the state of Wisconsin against numerous parties, one of whom was Aquaslide. It was asserted that Aquaslide was negligent and designed, manufactured and sold an unreasonably dangerous product. Prior to that date, Aquaslide had filed a Chapter 11 petition in the United States Bankruptcy Court.

Mr. Grzybowski bought his slide in the spring of 1977 at the residential home of a man who had advertised his wares in the classified advertisements of Mr. Grzybowski's local newspaper. The slide was in a box which Mr. Grzybowski had not saved. In his deposition, he testified that he thought the box said "Slide 'N' Dive." He also testified that he can no longer find the home of the man from whom he purchased the slide.

The slide in question contained no identification, no serial number, no manufacturer's name or other identifying marks which would designate a specific manufacturer. The Grzybowski's filed a proof of claim against Aquaslide in the amount of $27,000,000. Carl Meyer, President of Aquaslide and designer of the Aquaslide Duke Curve Slide, inspected the slide in question and compared it in minute detail to the slide manufactured by Aquaslide. In his declaration he states unequivocally that Aquaslide did not design, manufacture, sell, or distribute the slide in question.

Aquaslide filed an objection to the allowance of the claim of the Grzybowskis contending that there was no basis in law or fact for the claim. After reading the affidavits submitted by the parties and deposition of Mr. Grzybowski, the court disallowed the claim. The Grzybowskis appealed.

## STANDARD OF REVIEW

This case involves a core proceeding.[1] The trial court was not liquidating or estimating contingent or unliquidated personal injury tort claims for purposes of distribution, but rather it was only estimating those claims for purposes of confirming a plan under Chapter 11. *See Poole v. Greenwood Cemetery, Inc. (In re Poole Funeral Chapel, Inc.)*, 63 B.R. 527, 532 (Bankr.N.D.Ala.1986). The litigation to resolve an objection to a proof of claim is a contested matter and therefore Bankruptcy Rule 9014 is applicable to such litigation. Bankr. Rule 9014, Advisory Committee Note.

In the present case, the trial court decided to disallow the Grzybowski's claim against Aquaslide after reviewing the affidavits submitted by the parties. Bankrupt-

---

1. 28 U.S.C. § 157 provides in pertinent part:
 (b)(2) Core proceedings include, but are not limited to
 (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a

plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11.

cy Rule 9014 provides that Rule 7056 applies to contested matters. Under Bankruptcy Rule 7056 and Rule 56 of the Federal Rules of Civil Procedure a summary judgment can be granted when there are no issues of material fact and the moving party is entitled to prevail as a matter of law. Fed.R.Civ.P. 56(c). Here, the trial court decided that there was no issue of fact regarding whether Aquaslide manufactured the slide in question, and disallowed the claim. Although no party requested a grant of summary judgment, in essence that is exactly what the trial court did. Core proceedings are generally reviewed under the clearly erroneous standard. *See In re Emergency Beacon Corp.*, 52 B.R. 979 (S.D.N.Y.1985), *aff'd* 790 F.2d 285 (2nd Cir.1986). However, since a summary judgment was given by the trial court we will follow the standard of review applicable to such decisions. Grants of summary judgment are reviewed de novo. *Jackson Waterworks, Inc. v. Public Utils. Comm'n.*, 793 F.2d 1090, 1092 (9th Cir. 1986).

## DISCUSSION

### I.

The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial. The standard for review was stated in *In re Zupancic*, 38 B.R. 754, 757 (9th Cir.BAP 1984) as follows:

In reviewing the grant or denial of a summary judgment motion, this Panel applies the same test which the trial court applies under Fed.R.Civ.P. 56(c). Rule 56(c) provides in pertinent part that the court shall grant the motion for summary judgment if the affidavits and other materials demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Applying that test, "[s]ummary judgment is 'proper only where there is no genuine issue of any material fact or where viewing the evidence and the inferences which may be drawn therefrom

in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law.'" *Radobenko v. Automated Equipment Corporation*, 520 F.2d 540, 543 (9th Cir.1975), quoting *Caplan v. Roberts*, 506 F.2d 1039, 1042 (9th Cir.1974).

However, for summary judgment to be denied, the nonmoving party cannot demonstrate that an issue of material fact exists by mere allegation or denial. The nonmoving party must present competent affidavits. Both supporting and opposing affidavits must be based on personal knowledge and the facts set forth therein must be admissible in evidence. Federal Rule of Civil Procedure 56 provides in pertinent part:

(b) For Defending Party.

A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

(e) Form of Affidavits; Further Testimony; Defense Required.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In the present case, Aquaslide submitted a declaration of its President, Carl Meyer, in support of its objection to the proof of claim. In his declaration, Mr. Meyer compares the slide in question in minute detail through the use of multiple photographs (which he took) and measurements to the Duke Curve Slide which he designed and

which Aquaslide manufactures.[2] He concludes unequivocally that the slide in question was not designed, manufactured, sold or distributed by Aquaslide. Based on the comparisons made by Mr. Meyer between the two slides, it is clear that the slide in question is similar to, but *not* an Aquaslide product.

The Grzybowskis submitted two affidavits in opposition to Aquaslide's motion objecting to the claim. If the trial court is to consider these as raising an issue of fact so as to preclude summary judgment, the affidavits must conform with the admissibility rules for summary judgment. They must be based on personal knowledge and set forth facts admissible in evidence. Fed.R. Civ.P. 56(e); *see United States v. Hangar One, Inc.,* 563 F.2d 1155, 1157 (5th Cir. 1977). Here, there is an affidavit by the Grzybowskis' attorney and an affidavit by a person who saw photographs of the subject slide.

■ The affidavit by the Grzybowskis' attorney, William Cannon, is not based on personal knowledge, nor does Mr. Cannon make any statement to that effect. Rather, he incorporates Mr. Grzybowski's deposition by reference. In that deposition Mr. Grzybowski stated he thought the slide was manufactured by "Slide 'N' Dive" according to the box in which the slide came. Since Mr. Cannon did not see the box, he has no personal knowledge as to what was printed on the box. Affidavits by attorneys which do not comply with the personal knowledge requirement cannot be used in opposition to a summary judgment motion. *See Taylor v. Collins,* 574 F.Supp. 1554, 1557 (E.D.Mich.1983); *Mercantile Nat'l Bank at Dallas v. Franklin Life Ins. Co.,* 248 F.2d 57, 59 (5th Cir.1957); *Commercial Union Ins. Co. v. Albert Pipe & Supply Co., Inc.,* 484 F.Supp. 1153, 1157 (S.D.N.Y. 1980). An affidavit not based on personal knowledge is to be disregarded when considering a summary judgment motion. *Chan Wing Cheung v. Hamilton,* 298 F.2d 459, 460 (1st Cir.1962). The affidavit of Mr. Cannon is not based on personal knowledge and cannot be considered by a court evaluating a summary judgment motion. Since it is not admissible, the affidavit cannot be used to raise an issue of fact. *See United States v. Hangar One, Inc.,* 563 F.2d at 1157.

■ The second affidavit submitted in opposition to the objection to claim is by Robin Bertsch. This affidavit was also incorporated by reference in Mr. Cannon's affidavit. Mr. Bertsch is Executive Vice President of Fort Wayne Pools, Inc., a co-defendant with Aquaslide in the state court action in Wisconsin. In his affidavit, Mr. Bertsch both defends his company and incriminates Aquaslide. Although his statements in defense of Fort Wayne Pools are based on personal knowledge, his statement incriminating Aquaslide is not.[3] Mr.

---

**2.** The following excerpts from Declaration of Carl R. Meyer illustrate why he concluded that the subject slide was not one of Aquaslide.

*Exhibit Page No. 8:*
Subject Slide: Water fittings are on the left side of the ladder. Holes for water tubing are on the left side of the ladder.
Duke Curve Slide: Water fittings are on the right side of the ladder. Holes for water tubing run up the right side of the ladder as well.
*Exhibit Page No. 14:*
Subject Slide: The distance between the front and back leg on the right side of the slide is 43 inches.
Duke Curve Slide: The same distance is 37¾ inches.
*Exhibit Page No. 25:*
Subject Slide: The bottom of slide runway is laminated white on surface and zolotone green. There is no logo on the underside of the runway.

Duke Curve Slide: The bottom of slide runway has color white molded in with a regal blue color with logo showing Aquaslide, Brownsville, Texas.
*Exhibit Page No. 26:*
Subject Slide: The outside of the runway rail is trimmed 3¾ inches.
Duke Curve Slide: The outside of the runway rail is trimmed 4½ inches.

**3.** The affidavit of Robin Bertsch states in pertinent part:
4. Based upon my personal knowledge and upon my review of corporate records, I know that Fort Wayne Pools, Inc. did not manufacture swimming pool slides until 1983. Its Board and Slide division was sold in January of 1985 to the S.R. Smith Company in Canby, Oregon.
5. Fort Wayne Pools, Inc. has never sold or distributed swimming pool slides into the state of Wisconsin.

Bertsch merely states that from photographs it appears that the slide in question was manufactured by Aquaslide. If Mr. Bertsch was merely shown photographs of a slide and told they were pictures of the slide involved in the accident, he has no personal knowledge as to the true subject matter of the photographs. While Mr. Meyer took the photographs used in his declaration and therefore had personal knowledge of the subject matter therein, Mr. Bertsch did not have personal knowledge of the facts asserted in his affidavit. Under the analysis of the discussion on Mr. Cannon's affidavit, Mr. Bertsch's affidavit must also be disregarded.

 In the present case, Mr. Meyer presented a point-by-point analysis of the slide in question in his Declaration in Support of Objection to Claim. He concludes from this analysis that Aquaslide did not design, manufacture, distribute or sell the slide which Mr. Grzybowski was using when injured. In response, the Grzybowskis submitted two affidavits which set forth the conclusion that Aquaslide did make the slide in question. A party cannot raise an issue of fact by simply relying on a complaint or affidavit setting forth only a bald conclusion that is flatly denied. *Beckman v. Walter Kidde & Co.*, 316 F.Supp. 1321 (E.D.N.Y.1970), *aff'd* 451 F.2d 593 (2nd Cir.1971), *cert. denied* 408 U.S. 922, 92 S.Ct. 2488, 33 L.Ed.2d 333 (1972). Here, the Grzybowskis submitted affidavits that conclude the slide was made by Aquaslide. Aquaslide flatly denies any such conclusion. The Grzybowskis need more than conclusory affidavits to raise an issue of fact.

### II.

 The Grzybowskis contend that it was improper for the bankruptcy court to rule on allowing a claim in a personal injury action. This issue occurs in cases where

debtors are faced with multiple tort claims. *See In re UNR Industries, Inc.*, 45 B.R. 322 (N.D.Ill.1984); *In re Johns–Manville Corp.*, 45 B.R. 823 (N.D.Ill.1984); *In re Johns–Manville Corp.*, 45 B.R. 827 (N.D. Ill.1984), and the Dalkon Shield claims in the case of Chapter 11 debtor A.H. Robbins recently filed in the Eastern District of Virginia. Assuming *arguendo* this contention is correct, here the trial court did not generally adjudicate the personal injury claim. It essentially estimated the claim against Aquaslide for purposes of confirming a plan under Chapter 11. *In re Poole Funeral Chapel, Inc.*, 63 B.R. 527 (Bankr. N.D.Ala.1986), contains a detailed analysis of the statutory provisions and cases relating to treatment of tort claims in a Chapter 11 proceeding. It concludes that "[t]he bankruptcy court has the right and duty only to estimate these [tort] claims for the purpose of confirming a plan under Chapter 11, and that is a core proceeding." *In re Poole*, 63 B.R. at 532. We likewise conclude that the bankruptcy court below had the right and duty to estimate these claims, and did not violate the Grzybowskis' right to a trial by jury for the tort claim in doing so.

### III.

Although we affirm the trial court's decision, in our view this appeal was not frivolous. Aquaslide's motion for sanctions is therefore denied.

### CONCLUSION

This panel can affirm a trial court on any ground finding support in the record. Although the trial court here did not articulate that it was granting a summary judgment and even though none was requested, that is in essence what the trial court did.[4] In opposition to Aquaslide's motion objecting to claim, the Grzybowskis submitted two affidavits. Under Fed.R.Civ.P. 56(e),

---

6. From my review of the photographs of the slide involved in this accident, it appears that the slide was manufactured by Aqua Slide 'N' Dive of Brownsville, Texas.

4. If the trial court's decision is correct it must be affirmed, even if the trial court relied on

wrong grounds or wrong reasoning. *See United States v. $129,374 in U.S. Currency*, 769 F.2d 583, 586 (9th Cir.1985); *see also In re Curry and Sorensen, Inc.*, 57 B.R. 824, 829 n. 5 (9th Cir.BAP 1986).

neither of these affidavits are admissible in a summary judgment determination. Neither of these affidavits meet the personal knowledge requirement. The nonmoving party has the burden of raising an issue of fact in a summary judgment proceeding. Although both affidavits submitted by the Grzybowskis conclude that the slide in question was made by Aquaslide, this conclusion did not raise an issue of fact regarding whether Aquaslide manufactured the slide in question.

The court's order was entered in the course of a Chapter 11 plan confirmation proceeding. To the extent that the conclusions and order disposed of the claim in that context, the court acted appropriately.

AFFIRMED.