**In re Laurence Elliot WHITING, Debtor.**

**E. Lynn Schoenmann, Trustee, Plaintiff,**

**v.**

**Kathleen M. de Leon and L. Michael de Leon, Defendants.**

**Bankruptcy No. 03–31927 DM.**
**Adversary No. 03–3697 DM.**

United States Bankruptcy Court, N.D. California.

April 28, 2004.

---

Martha J. Simon, Law Offices of Martha J. Simon, San Francisco, CA, for Debtor.

Reidun Stromsheim, Law Offices of Stromsheim and Assoc., San Francisco, CA, for Plaintiff.

*MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

DENNIS MONTALI, Bankruptcy Judge.

On March 11, 2004, this court held a hearing on the motion for partial summary judgment ("MSJ") filed by the Trustee E. Lynn Schoenmann ("Trustee"). Defendants Kathleen M. de Leon and L. Michael de Leon ("the de Leons") filed an opposition to the MSJ. For the reasons stated below, the court will deny the MSJ.[1]

I. *Relevant Undisputed Facts*

This case concerns a "Tenancy in Common Agreement for 320–322 Collingwood Street" ("TIC Agreement") between Laurence E. Whiting ("Debtor") and the de Leons. At the time of the filing of the bankruptcy petition, Debtor had a 32.14% or roughly one-third interest, in property held as a tenant in common with the de Leons.

In 2000, the de Leons purchased the entirety of property located at 320–322 Collingwood Street, San Francisco, CA, 94114 ("Property"). The Property consists of a single parcel of land with two dwellings. Since the time of the de Leons' purchase the rear dwelling has been exclusively occupied by Debtor. The de Leons have exclusively occupied the front dwelling. There is separate access to each dwelling: the front dwelling has access directly from the sidewalk up the front stairs, and the rear dwelling has access from a separate stairway and walkway on the South side of the Property.

In 2001, the de Leons and Debtor engaged in negotiations for Debtor's purchase of an interest in the Property. The de Leons and Debtor jointly sought and secured financing in the amount of $750,000. The Property loan was secured by a deed of trust which was signed by the de Leons and by Debtor, and properly recorded. In addition the de Leons and Debtor entered into the separate TIC Agreement. The TIC Agreement provided that Debtor would be responsible for 71.83% or roughly two-thirds of the loan obligation ($538,757), and the de Leons would be responsible for the remaining one-third of the loan obligation ($226,243). The de Leons contend and Trustee does not dispute that Debtor agreed to be responsible for a greater share of the loan obligation in lieu of a down payment on the Property. The TIC Agreement set forth the agreement between the de Leons and Debtor as to the division of the loan obligation, areas of exclusive occupancy by each party and further rights and obligations of each party relating to the Property. Debtor and the De Leons also executed and signed a "Memorandum of Agreement" which referenced the TIC Agreement. The Memorandum of Agreement was to be recorded with the County Recorder's office. Debtor and the de Leons failed to record the Memorandum of Agreement or the TIC Agreement itself.[2]

On July 1, 2003, Debtor filed a chapter 7 bankruptcy petition. As of the date of the filing of the bankruptcy petition the TIC Agreement had not been recorded.

---

1. The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr.P. 7052(a).

2. For purposes of discussion, the TIC Agreement and the Memorandum of Agreement will be treated as a single unrecorded agreement referenced as "TIC Agreement".

## II. *Issue*

Whether Trustee can use Section 544(a)(3)[3] to defeat the effect of the TIC Agreement.

## III. *Discussion*

### A. Summary of Arguments

The de Leons argue that Trustee's MSJ must be denied because triable issues of fact remain as to whether Trustee can use Section 544(a)(3) to defeat the effect of the TIC Agreement. The de Leons further argue that Trustee cannot establish that a hypothetical buyer would have been without constructive notice of the TIC Agreement and therefore cannot achieve the status of a bona fide purchaser ("BFP").

Trustee responds that the MSJ should be granted. Trustee contends that there are no triable issues of fact as to whether under Section 544(a)(3) she can use her status as a BFP to defeat the effect of the unrecorded TIC Agreement. Trustee seeks to defeat the effect of the TIC Agreement in order to sell the Property under Section 363(h).[4]

Section 363(h) applies to property held as tenants in common. 11 U.S.C. § 363(h). A trustee can sell the entire property despite the co-tenancy as long as the additional requirements of subsections one

**3.** Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

**4.** Section 363(h) states:

(h) Notwithstanding subsection (f) of this section, [not relevant here] the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant in entirety, only if-

through four are met. If Trustee's MSJ is granted pursuant to Section 544(a)(3) she can defeat the effect of the TIC Agreement, and therefore avoid liability for two-thirds of the loan obligation. If the TIC Agreement is defeated then the net proceeds from the sale of the Property (after payment of costs of sale and the loan on the Property) would be distributed with the de Leons receiving two-thirds, and Debtor receiving the remaining one-third. As set forth in paragraph 4.2 of the TIC Agreement, Debtor is responsible for two-thirds of the loan obligation. Therefore, if the TIC Agreement is given effect, Trustee would not be entitled to one-third of the net sale proceeds, but instead would be liable to the de Leons for two-thirds of the loan obligation. As indicated at oral argument on the MSJ, Trustee would not likely seek to sell the Debtor's interest in the Property under Section 363(h) since the bankruptcy estate would not realize any net proceeds from such a sale.

After careful consideration of the papers submitted and oral arguments, the court agrees with the de Leons that triable issues of fact remain as to whether Trustee can use Section 544(a)(3) to defeat the effect of the TIC Agreement.

### B. Summary of Law

#### 1. *11 U.S.C. § 544*

(1) partition in kind of such property among the estate and such owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interest of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners, and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

■ Section 544(a)(3)[5] confers upon a trustee the status of a BFP of real property. The court looks to applicable state law to determine whether the trustee's BFP status can defeat the rights of another party who claims an interest in the same property. *Marc Weisman v. Peters (In re Weisman)*, 5 F.3d 417, 420 (9th Cir.1993); 5 Collier on Bankruptcy ¶ 544.08, at 544–15 (15th ed. Rev.2003) ("State law governs who may be a bona fide purchaser and the rights of such a purchaser for purposes of section 544(a)(3)"). In other words, for Trustee to achieve the status of a BFP here, Trustee must meet the requirements as set forth in applicable California state law.

### 2. *Applicable California Law*

■ California has established rules governing priority among parties who claim an interest in the same property. 5 Miller and Starr, *California Real Estate* § 11:1, at 7 (3rd ed. 2000) ("Laws and rules establishing priorities were created to settle disputes between various interests in real property by granting preference to one interest or class of interests over another."). Therefore, "a person who qualifies as a bona fide purchaser receives his or her interest free and clear of prior unknown interests." *Id.* § 11.3 at 15. A person qualifies as a BFP who acted in good faith, paid valuable consideration, was without notice of the other party's interest in the property, and duly recorded that person's interest. *Gates Rubber Company v. Harry Ulman*, 214 Cal. App.3d 356, 364, 262 Cal.Rptr. 630 (Cal. Dist.Ct.App.1989) (citations omitted); *See also* 4 Witkin, *Summary of California Law*, Real Property, § 206, at 411 (9th ed.1998). "The status of a BFP is defeated if the prospective purchaser has actual or constructive notice of the other party's interest in the property." *Id.; see also* 5 Miller & Starr, § 11.3, at 15. "The absence of notice is an essential requirement in order that one may be regarded as a bona fide purchaser." *Basch v. Tide Water Associated Oil Company*, 121 P.2d 545, 49 Cal.App.2d Supp. 743, 746 (Cal.App. Dep't Super. Ct.1942).

### IV. *Application of Law to the Facts Presented*

#### 1. *Standard for Summary Judgment.*

Federal Rule of Civil Procedure 56(c) (incorporated by Rule 7056), provides that the "judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that party is entitled to judgment as a matter of law."

"The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the lawsuit without a trial." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997), *aff'd*, 163 F.3d 609 (9th Cir.1998), (quoting *Grzybowski v. Aquaslide 'N' Dive Corp. (In re Aquaslide 'N' Dive Corp.)*, 85 B.R. 545

---

**5.** Section 544(a)(3) states:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights of and powers of, or may avoid any transfer in property of the debtor or any obligation incurred by the debtor that is voidable by-

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

(9th Cir. BAP 1987)). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

All reasonable doubt as to the existence of genuine issue of material fact must be resolved against the moving party. *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. 2505. "A 'material' fact is one that is relevant to an element of a claim or defense or whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense." *T.W. Elec. Service v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987).

### 2. BFP.

■ In *William R. Probasco v. Bill J. Eads (In re Probasco)*, 839 F.2d 1352, 1356 (9th Cir.1988), the Ninth Circuit determined that under California Civil Code section 19 constructive notice can deny a trustee the status of a hypothetical BFP under Section 544(a)(3). California Civil Code section 19 provides:

> Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, *has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact.*

California Civil Code § 19 (emphasis added). Stated differently, a person is deemed to know facts that he or she could have inquired about. *Id.* "[The] question is whether a prudent purchaser, in light of the information reasonably available to him ... would have made [an] inquiry." *Weisman*, 5 F.3d at 420. If a hypothetical buyer here had a duty to inquire about additional facts, then Trustee is charged with constructive notice and fails as a BFP.

### 3. Equal Rights of Possession and Tenants in Common.

■ It is well established that tenants in common are entitled to use and possess the entire property. 5 Miller & Starr, § 12:2 (citations omitted). "Each cotenant is *equally entitled to share in the possession of the entire property* and neither can exclude the other from any part of it." 4 Witkin, § 264, at 465–466 (emphasis added). The de Leons' and Debtor's exclusive occupancy of sections of the Property is inconsistent with property held as tenants in common because "each tenant owns an equal interest in all of the fee, and each has an equal right to possession of the whole [property]." *Swartzbaugh v. Sampson*, 11 Cal.App.2d 451, 454, 54 P.2d 73 (Cal.Dist.Ct.App.1936).

There is nothing in any of the documents presented to this Court to indicate that Debtor or the de Leons are able to occupy the entire Property, i.e. both homes. The facts indicate otherwise, namely that Debtor is only entitled to occupy his home, and the de Leons theirs.[6] For example, both residences have separate entrances: access to the front dwelling is directly up a set of stairs from the

---

**6.** The TIC Agreement allowed exclusive possession of parts of the Property. Paragraph 3.2 "Assignments of Units and Exclusive Use of Common Areas". The TIC Agreement expressly provides that Debtor has "exclusive use" of "Unit 320" (his home) and the de Leons will have "exclusive use" of "Units 322" (their home). *Id.* The TIC Agreement further provides that Debtor has the exclusive use of the adjacent deck common area and the de Leons have exclusive use of the area below the rear exit stair and the entire driveway. *Id.* This further supports that Debtor and the de Leons did not intend for shared occupancy and use of the Property.

sidewalk and access to rear dwelling is by a separate stairway and walkway along the front of the cottage. Even when seeking ingress and egress to and from their respective dwellings, Debtor and the de Leons do not occupy the same space.

#### 4. *Exclusive Occupancy is Inconsistent with Title*

■ Debtor's and the de Leons' exclusive occupancy of sections of the Property is inconsistent with property held as tenants in common and would require a hypothetical buyer to inquire as to whether there was an agreement and if so what were its terms. This duty of inquiry would result in constructive notice and defeat Trustee's status as a BFP.

■ Both the Ninth Circuit and the California Supreme Court have recognized that "[t]here is no duty to inquire ... regarding any unknown claims or interests by a person in possession of real property where the occupant's possession is consistent with record title." *Weisman*, 5 F.3d at 420; *Philip Caito v. United California Bank*, 20 Cal.3d 694, 702, 144 Cal.Rptr. 751, 576 P.2d 466 (1978). For example, where a tenant's possession is consistent with the terms of a recorded lease then there is no duty on the part of the purchaser to inquire as whether the tenant possesses other or additional rights. *Gates Rubber Company*, 214 Cal.App.3d at 365, 262 Cal.Rptr. 630.

■ A prudent purchaser is required to make an inquiry as to another's interest in property *only when the possession of the property is inconsistent with the record title. Weisman*, 5 F.3d at 421 (emphasis added).

Where possession is inconsistent with the record title and thereby creates a duty to inquire, a prospective purchaser is charged with constructive notice of all facts that would be revealed by a reasonably diligent inquiry, regardless of whether the purchaser has ever seen the property.

*Weisman*, 5 F.3d at 421. The de Leons argue that the exclusive possession of the two dwellings on the Property was inconsistent with property held as tenants in common.

As a hypothetical buyer, Trustee would have a duty to inquire as to the nature of the agreement between the de Leons and Debtor, because the occupancy was inconsistent with property held as tenants in common. In *Probasco*, 839 F.2d at 1352, the Ninth Circuit determined that the possession of a parcel property was inconsistent with the record title and therefore the debtor-in-possession ("DIP") had constructive notice of the non-debtor party's interest in the land. *Id.* The DIP wanted to use Section 544(a)(3) to defeat Probasco's interest in a parcel of land. *Id.* at 1354. The land in dispute consisted of three parcels of land that appeared to be a single piece of property. *Id.* The entire property was enclosed by a fence, staked and had roads running the entire property, not each individual parcel of land. *Id.*

Probasco argued that the appearance of the property was such that the entire property looked like a single parcel of land, and therefore his interest in the property was apparent based on the occupancy. The Ninth Circuit agreed with Probasco and stated: "Such an interest in Parcel 1 was inconsistent with the record title indicating that the Eads [DIP} were its sole owners." *Id.* at 1356. The Ninth Circuit's analysis in *Probasco*, 839 F.2d at 1352, is applicable here. The de Leons' and Debtor's exclusive occupancy of each of their respective homes is inconsistent with property held as tenants in common because tenants in common have a right to *possess the entire property,* not just sec-

tions of the property. *Swartzbaugh*, 11 Cal.App.2d at 454, 54 P.2d 73. As a result of this inconsistency a hypothetical buyer would have a duty to inquire as to the nature of the agreement between Debtor and the de Leons.

In *Gates Rubber*, 214 Cal.App.3d at 356, 262 Cal.Rptr. 630, the Court of Appeal affirmed the trial court's refusal to allow the plaintiff, Gates Rubber Co., to purchase land based on an unrecorded option purchase agreement contained in a recorded lease. Crucial to the court's analysis was the fact that the plaintiff's continuous operation of a factory on the premises was consistent with the recorded short-form lease. *Id.* Here, unlike in *Gates Rubber*, 214 Cal.App.3d at 356, 262 Cal.Rptr. 630, the de Leons' and Debtor's exclusive occupancy of separate dwellings was inconsistent with property held as tenants in common.

A hypothetical purchaser would have a duty to inquire as to the nature of the agreement between Debtor and the de Leons based on their exclusive occupancy of sections of the Property. In *Basch*, 121 P.2d 545, 49 Cal.App.2d Supp. at 743, unbeknownst to the purchaser of a gas station, an agreement existed to reduce the amount of rent in the event traffic was diverted past the property. *Id.* Prior to the purchase, the purchaser was shown by seller a copy of an unrecorded lease agreement for the current gas station lessee. *Id.* at 748, 121 P.2d 545. The purchaser did not inquire of the lessor as to whether there were any other agreements with the property lessee. *Id.* The court held that because the purchaser had a duty to further inquire, the purchaser/new lessor was bound by the reduction in rent.

> [T]he tenant's possession is notice not only of his rights under the lease, but also of any rights which he may have under a subsequent agreement not incorporated in the instrument of the lease, such as a contract for the purchase of land.

*Tidewater*, 121 P.2d 545, 49 Cal.App.2d Supp. at 750.

Similar to the unrecorded side agreement regarding the rental price, a hypothetical purchaser would have a duty to inquire as to the nature of the agreement between Debtor and the de Leons based on their exclusive occupancy of sections of the Property. *Id.* Tenants in common have a right to use and possess the entire property. *Swartzbaugh*, 11 Cal.App.2d at 454, 54 P.2d 73. Here, despite the tenancy in common, there was no right to occupancy of the entire Property which would have required a BFP to inquire as to the nature of the agreement between Debtor and the de Leons. As a result, Trustee is deemed to have constructive notice and cannot defeat the effect of the TIC Agreement and achieve the status of a BFP.

## IV. *Disposition*

Based on Debtor's and the de Leons' exclusive occupancy of their respective homes there remains a triable issue of fact as to whether Trustee can use Section 544(a)(3) to defeat the effect of the TIC Agreement. The court DENIES Trustee's MSJ.

Counsel for the de Leons should submit an order denying the MSJ consistent with this memorandum decision. In doing so, counsel should comply with B.L.R. 9021–1 and B.L.R. 9022–1.

Since the court cannot determine whether Trustee intends to dismiss this adversary proceeding in light of the court's decision and the apparent lack of any benefit to the estate in a sale under Section 363(h), it will hold a status conference on May 28, 2004, at 1:30 P.M.