In re: **ENGINEERED DEVELOPMENT CONCEPTS, INC., Debtor,**

**Ethan Ion Danfer, fka George W. Anderson, III, Appellant,**

v.

**David A. Birdsell; et al., Appellees,**

**Maureen Gaughan, Trustee—Appellee,**

and

**Engineered Development Concepts, Inc., Debtor.**

No. 04–15847.

D.C. Nos. CV–03–01026–JAT, 99–699.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

Ethan Ion Danfer, Reston, VA, pro se.

John J. Fries, Esq., William Scott Jenkins, Jr., Esq., Ryley Carlock & Applewhite PA, Scott R. Goldberg, Quarles & Brady Streich Lang, LLP, Jefferson T. Collins, Esq., Robert R. Berk, Esq., Jones Skelton & Hochuli, PLC, Richard G. Patrick, Office of the U.S. Attorney, Edwin Brady Stanley, Esq., Barbara Beyer Maroney, Esq., Phoenix, AZ, for Appellees.

Before GOODWIN, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM **

Ethan Ion Danfer appeals pro se the district court's order affirming the bankruptcy court's orders dismissing his third-party complaint and granting default judgment in favor of the Trustee. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo issues regarding a bankruptcy court's jurisdiction. *See Mantz v. Ca. Bd. Of Equalization (In re Mantz)*, 343 F.3d 1207, 1211 (9th Cir.2003). We review for abuse of discretion the bankruptcy court's ruling on a motion to set aside default judgment. *Al–Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). We affirm.

The district court properly held that the bankruptcy court had jurisdiction to rule on preliminary matters relating to the third-party complaint Danfer initially filed in the bankruptcy court. *See In re Aquaslide 'N' Dive Corp.*, 85 B.R. 545, 549 (B.A.P. 9th Cir.1987) (holding that a bankruptcy court has power to disallow legally deficient claims, even if they allege personal injury).

The district court properly held that the bankruptcy court did not violate Danfer's constitutional rights by entering a default judgment against him because Danfer had been given multiple opportunities and warnings to cure the default. Further, Danfer did not attend the scheduled hearing nor did he file a response to the defendants' motions to dismiss, as specifically ordered by the bankruptcy court in its April 15, 2003 order. *See Al–Torki*, 78 F.3d at 1385.

The district court properly held that the bankruptcy court did not abuse its discretion by granting the Trustee an extension of time to perfect service on Danfer. *See Sheehan v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512 (9th Cir.2001) (bankruptcy court's grant of an extension of time to perfect service reviewed for abuse of discretion).

Danfer's remaining contentions lack merit.

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.