**In re Ruth Marie CHAPMAN, Debtor.**

**George C. PUNTON, Cyndee Lee McCusker and Michelle Renee Chapman, Plaintiffs,**

**v.**

**Ruth M. CHAPMAN, Defendant.**

**Adv. No. C88–0121–M7.**
**Related No. 87–08914–M7.**

United States Bankruptcy Court,
S.D. California.

Feb. 1, 1991.

Howard A. Kipnis and David K. Schneider, Luce, Forward, Hamilton & Scripps, San Diego, Cal., for plaintiffs.

R.J. Klitgaard, Klitgaard & Jones, San Diego, Cal., for defendant.

## MEMORANDUM DECISION

GEORGE BRODY, Bankruptcy Judge.

This is a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This court has jurisdiction to hear this matter by virtue of 28 U.S.C. § 1334 and § 157(b)(1) and General Order 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## FACTS

George and Victoria Punton, husband and wife, executed mutual and reciprocal wills on May 2, 1970. Victoria Punton's will bequeathed all her property to her husband in the event he survived her. The will also appointed him executor of the will. George and Victoria Punton were divorced in 1973, but they left their wills intact.

On February 4, 1984 Ruth Chapman (Debtor) was appointed trustee of a trust of which Victoria Punton was the beneficiary. Ruth Chapman was also given power of attorney over Victoria Punton's financial affairs. Victoria Punton died on April 22, 1986. After her death, George Punton submitted for probate the will that decedent had executed in 1970. The Debtor submitted for probate a will executed by decedent in 1981. This will bequeathed the decedent's entire estate to Ruth Chapman. George Punton, and two of the Punton's granddaughters, Cyndee Lee McCusker and Michelle Renee Chapman, contested the 1981 will on the grounds that Victoria Punton lacked testamentary capacity when she executed the will and also that the Debtor exerted undue influence to induce Virginia Punton to execute the will. These actions were consolidated for trial in the Superior Court in the State of California with a civil action instituted by George Punton and the two granddaughters to invalidate the 1984 trust and to recover trust assets that the Debtor allegedly converted while acting as trustee. The actions were tried before a jury in the Superior Court of the State of California.

The jury determined that Victoria Punton lacked testamentary capacity when she executed the 1981 will and also that the Debtor had exerted undue influence to induce Victoria Punton to execute the will. The jury also found that the Debtor had converted the trust property and that the damages resulting from Debtor's breach of fiduciary duty amounted to $200,715. Based upon the jury's findings, the court invalidated the 1981 will and entered judgment for the plaintiffs in the amount of $200,715 plus court costs.

Prior to trial, the Debtor brought a motion for nonsuit contending that the plaintiffs did not suffer any damages by the alleged conversion and, therefore, did not have standing to prosecute the fraud action. Debtor contended that the only party with sufficient pecuniary interest to pursue the fraud action was the executor of Victoria Punton's estate. After the matter was fully briefed and argued, the trial judge

ruled that plaintiffs had standing to institute the conversion action against the Debtor. After judgment was entered against the Debtor, Debtor appealed the trial court's ruling on the standing issue and the jury's finding that the 1981 will was invalid. The Court of Appeal affirmed both rulings.

On December 9, 1987, after the conclusion of the state court proceedings, Ruth Chapman filed a Chapter 7 petition in bankruptcy. George Punton, Cyndee Lee McCusker and Michelle Renee Chapman instituted an action in the bankruptcy court to except the state court judgment from discharge pursuant to 11 U.S.C. § 523(a)(4) and § 523(a)(6). After instituting this action, plaintiffs filed the summary judgment motion now pending before the court, contending that all the facts necessary to establish that the judgment is nondischargeable by virtue of § 523(a)(4) and § 523(a)(6) were determined in the state court action, and therefore the doctrine of collateral estoppel bars re-litigation of these issues in the bankruptcy court.

Debtor opposes the motion for summary judgment, contending that because plaintiffs did not have standing to institute the state court action, they are not creditors of the Debtor, and since they are not creditors, there is no basis for the nondischargeability action. Debtor apparently further contends that the doctrine of collateral estoppel does not apply. Each of these arguments will be addressed separately.

## DISCUSSION

### STANDING

■ The Debtor's contention that the plaintiffs are not creditors of the Debtor and, therefore, there is no debt that can be the basis for a nondischargeability action has no merit. The determination of what claims are allowable and the manner in which a debtor's assets are to be distributed is a matter of federal law as governed by the Bankruptcy Code. *Grogan v. Garner*, 495 U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), *Vanston Bankholders Committee v. Green*, 329 U.S. 156, 162, 67 S.Ct. 237, 239, 91 L.Ed. 162 (1946). However, "[w]hat claims of creditors are valid and subsisting obligations against the bankrupt at the time a bankruptcy is filed is a question which, in the absence of overruling federal law, is to be determined by reference to state law." *Vanston Bankholders Committee* at 161, 67 S.Ct. at 239. The plaintiffs have a valid state court judgment against the Debtor. This judgment which evidences the plaintiffs' debt against the Debtor is not reviewable by this court. The plaintiffs, therefore, are creditors of the Debtor and can assert their claim in the bankruptcy proceeding.

### COLLATERAL ESTOPPEL

■ For collateral estoppel to apply, the conditions which must be met are as follows: (1) the party against whom estoppel is asserted must have been a party to the prior adjudication and actively participated in the litigation; (2) the issue that forms the basis for estoppel must have been actually litigated and determined on the merits; (3) the determination of the particular issue must have been necessary or essential to the court's judgment; and (4) the issue to be precluded is identical to the issue in the former action. *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir.1987).

■ The doctrine of collateral estoppel applies in bankruptcy proceedings. *Grogan v. Garner, supra; In re Tilbury*, 74 B.R. 73 (9th Cir. BAP 1987); *In re Wallace*, 840 F.2d 762 (10th Cir.1988); *Harold v. Simpson & Co. v. Shuler (In re Shuler)*, 722 F.2d 1253, 1255 (5th Cir.1984), *cert. denied*, 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984); *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir.1981).

### SECTION 523(a)(4)

Section 523(a)(4) provides that:

(a) A discharge under ... this title does not discharge an individual debtor from any debt— ...

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

■ To prevail in a § 523(a)(4) action, the creditor must establish that (1) a fiduci-

ary relationship existed and (2) a defalcation occurred. *See, e.g., In re Short,* 818 F.2d 693 (9th Cir.1986).

 The jury in the state court action determined that the Debtor was trustee of a trust of which Victoria Punton was a beneficiary, that the Debtor breached her fiduciary duty by converting assets of the trust for her own use, and that the damages suffered by the estate of Victoria Punton as a result of the breach of fiduciary duty amounted to $200,715.00. The state court record supports the findings made by the jury. The jury was instructed that the plaintiffs had the burden of proving the existence of a trust and any defalcations by a preponderance of the evidence, the same burden plaintiffs would be required to sustain in the § 523(a)(4) action in the bankruptcy court. *Grogan v. Garner, supra,* 495 U.S. at —— n. 11, 111 S.Ct. at 658 n. 11. The plaintiffs thus have established in the state court the identical facts and issues that they would have had to establish in the bankruptcy court in the § 523(a)(4) action. Accordingly, the doctrine of collateral estoppel precludes the re-litigation of such facts and issues in a bankruptcy court.

Rule 56 of the federal Rules of Civil Procedure provides as follows:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

 The facts that the plaintiffs would have to establish in this § 523(a)(4) action have been determined in the state court action. Therefore, there are no genuine issues as to any material fact which must be established in the § 523(a)(4) action pending in the bankruptcy court. In light of the court's findings, no purpose would be served in addressing the questions as to whether the state court judgment is also nondischargeable under § 523(a)(6).

## CONCLUSION

Counsel for the plaintiffs is directed to file with this court an order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.