In re George and Barbara
VIERRA, Debtors.

D. Parker STOKES, Plaintiff,

v.

George J. VIERRA, Defendant.

Bankruptcy No. 93–12183.
Adv. No. 94–1014.

United States Bankruptcy Court,
N.D. California.

Oct. 20, 1994.

Steven M. Olson, Geary, Shea, O'Donnell & Grattan, Santa Rosa, CA, for plaintiff.

Douglas B. Provencher, O'Brien, Watters, Davis & McCullough, Santa Rosa, CA, for defendant.

Memorandum of Decision

ALAN JAROSLOVSKY, Bankruptcy Judge.

Before defendant George Vierra filed his chapter 7 bankruptcy petition, he was a defendant in a state court action in South Carolina. He answered the complaint, but his default was later entered when he failed to comply with discovery orders. The court

held a default hearing and made specific findings of fraud in awarding plaintiff D. Parker Stokes $100,000.00 in actual damages, $42,656.38 in prejudgment interest, $258,-343.62 in punitive damages, $25,000.00 in attorneys' fees, and $350.12 in costs. The court found that Vierra had made false statements to Stokes to induce him to invest in a limited partnership. Stokes now seeks summary judgment on grounds that the South Carolina default judgment precludes this court from adjudicating the case on its merits.

■ The court has no problem finding that it is precluded from hearing the case where there has been a full trial on the merits in state court. See *In re Bugna*, 33 F.3d 1054 (9th Cir.1994). However, it chafes at the idea that a *default* judgment in state court precludes a trial on the merits in bankruptcy court. State court litigants lose by default for too many reasons having nothing to do with wrongful conduct, including simple inability to afford to respond or to comply with discovery requests.

In *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court clearly set forth the rule that the results of state court litigation did not necessarily preclude deciding dischargeability actions on their merits in bankruptcy court. The court found that it was unfair to *both* sides to make them conduct a state court case with an eye to possible later bankruptcy proceedings. Financially strapped defendants should not have to spend scant resources defending fraud allegations when they admit to owing the debt contractually; plaintiffs should not be afraid to accept a stipulated judgment because there is no confession of fraud.

In *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), the court did not intend to abrogate *Brown v. Felsen*. It merely held that the standard of proof in a discharge case (and by analogy, a dischargeability case) is the preponderance of the evidence, so that fully adjudicated state court findings could not be disregarded as being subject to a lesser standard.

■ Unfortunately, the Appellate Panel in *In re Nourbakhsh*, 162 B.R. 841 (9th Cir. BAP 1994), in a 2–1 decision, held that default findings precluded litigation on the merits where state collateral estoppel law gives preclusive effect to default judgments. This court believes that the dissent is correct and the majority opinion wrong in that case. The decision sorely tests this court's devotion to *stare decisis* and the belief that appellate panel decisions are binding. See *In re Muskin, Inc.*, 151 B.R. 252 (Bkrtcy.N.D.Cal. 1993).

The court reluctantly concludes that *Nourbakhsh* is binding and must be followed even if the trial court disagrees with it. Accordingly, the court will grant summary judgment to plaintiff at least as to the actual damages and interest. However, if defendant elects to appeal the judgment will be stayed until otherwise ordered by a higher court.

■ The court sees no basis for the punitive damages to survive bankruptcy. In actions under section 523(a)(2), a debt is nondischargeable only to the extent obtained by the fraud; punitive damages are excluded. *In re Levy*, 951 F.2d 196 (9th Cir.1991).

■ Likewise, there is no basis for the attorneys' fees to be nondischargeable. Attorneys' fees are not recoverable in dischargeability actions unless specifically authorized by the Bankruptcy Code. *In re Fulwiler*, 624 F.2d 908, 910 (9th Cir.1980); *In re Itule*, 114 B.R. 206, 213 (9th Cir. BAP 1990).

■ Stokes argues that the judgment is nondischargeable under section 523(a)(4) as well, but the state court findings do not support this argument. The state court findings establish that Stokes' damages resulted from misrepresentations which induced him to *become* a partner. A partner becomes liable to another partner under section 523(a)(4) not by mere virtue of state law creating a fiduciary relationship of trust and confidence between partners, but only when he commits a defalcation as to partnership assets which by law are held expressly in trust for the partnership. *In re Short*, 818 F.2d 693, 695 (9th Cir.1987); *Ragsdale v.*

*Haller,* 780 F.2d 794 (9th Cir.1986). In this case, no misappropriation of *partnership* assets was found.

For the foregoing reasons, the court will reluctantly, and subject to the stay described above, enter a judgment in favor of Stokes in the amount of $142,656.38 plus interest at the legal rate from and after the entry of the state court judgment. Counsel for Stokes shall submit an appropriate form of judgment which counsel for Vierra has approved as to form.