**In re Douglass YOUNIE, dba Air Sculptures and Kathleen O'Callahan–Younie, aka Kate O'Callahan, dba Air Sculptures, Debtors.**

**Douglass YOUNIE, dba Air Sculptures and Kathleen O'Callahan–Younie, dba Air Sculptures, Appellants,**

**v.**

**Paul GONYA, Appellee.**

**BAP No. SC–96–1817–ORyJ.**

**Bankruptcy No. 95–10862–A7.**

**Adversary No. 95–90766–A7.**

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Submitted without Oral Argument
May 21, 1997.

Decided July 18, 1997.

Lee C. Henning, Lence Law Firm, Kalispell, MT, for appellants.

Gary R. Christiansen, Warden, Christiansen, Johnson & Berg, Kalispell, MT, for respondents.

Before: OLLASON, RYAN and JONES, Bankruptcy Judges.

## OPINION

OLLASON, Bankruptcy Judge.

Douglass Younie ("Younie") and Kathleen O'Callahan–Younie (together "Debtors") have appealed a summary judgment of nondischargeability of a debt in favor of Paul Gonya ("Gonya"). Debtors contend that the bankruptcy court erred by applying collateral estoppel to a default judgment which, allegedly, was obtained by fraud and did not meet the requirements for issue preclusion. They also contend that the bankruptcy court should not have found the attorney's fees portion of the judgment debt to be nondischargeable. **We affirm.**

## STATEMENT OF FACTS

In April of 1991, Debtors entered into a written agreement with Gonya whereby Gonya agreed to loan Debtors $25,000 for their business known as Air Sculptures. In connection with the loan, Debtors agreed to give Gonya a security interest in their business assets, such as inflatables, fabric and sewing machines, the accounts receivable, and 1,180.5 shares of common stock owned by Debtors in Catrel USA. Debtors represented to Gonya that the stock was worth $18 per share or $21,249, when it was actually worthless.

The loan was to be repaid by June 22, 1991. That same month, Debtors liquidated their business assets without paying any proceeds to Gonya.

On May 27, 1992, Gonya filed a *complaint* against Debtors in San *Diego* Superior Court, and duly served *Debtors*. The first count of the complaint alleged fraud and intentional misrepresentation. The remaining counts were for negligent misrepresentation and breach of contract. The complaint alleged that Debtors falsely represented to Gonya the value of the stock and that the loan would be fully collateralized. It alleged that Debtors knew their representations were false and were made to induce Gonya to extend the loan. The complaint alleged that Gonya relied on the misrepresentations in extending the loan, and was thereby damaged. Gonya sought exemplary and punitive damages for the fraud counts, and attorney's fees pursuant to the parties' contract.

Debtors failed to answer the complaint, and a default judgment in the amount of $31,044 was entered against Debtors on No-

vember 19, 1992. The award consisted of the following amounts: (1) $25,000 principal loan amount; (2) $4,500 interest; (3) $1,400 attorney's fees; and (4) $144 costs.

The judgment stated, in pertinent part:

That defendants DOUGLASS L. YOUN-IE and KATHLEEN O'CALLAHAN-YOUNIE, individually, made intentional misrepresentations with the intent to defraud and deceive plaintiff with the intent to induce plaintiff to enter into a loan agreement.

That plaintiff has been damaged because of the intentional misrepresentation made to plaintiff.

Debtors filed for Chapter 7 bankruptcy relief[1] on October 2, 1995. On December 12, 1995, Gonya filed a timely complaint to determine nondischargeability of the debt on the grounds of fraud under § 523(a)(2)(A), a fraudulent written financial statement under § 523(a)(2)(B) and/or for willful injury under § 523(a)(6). Debtors answered the complaint, admitting that they liquidated the business assets and did not repay the loan; however, they denied all allegations of misrepresentation, fraud or intent to injure.

In June of 1996, Gonya filed a motion for summary judgment, invoking the application of collateral estoppel to the default judgment. In his declaration, Gonya averred that he "reasonably relied" on Debtors' oral and written representations of the stock value and their intention to give him adequate security in making the loan.

Debtors filed their opposition, attaching the declaration of Younie. Younie averred that to the best of Debtors' knowledge at the time of the representations, the stock was worth $18 per share, which totaled $21,249. In addition, Younie stated that Gonya was informed at the time of the loan that Air Sculptures had a $325,000 contract with the Del Mar Fair Board. That contract was later cancelled, however, and Debtors were forced to liquidate, he averred.

In paragraph 9, Younie alleged that his failure to appear in state court was due to false assurances made by Gonya's then-attorney, Len Steinbarth ("Steinbarth"). Younie stated:

9. When the state court action was filed, I phoned Attorney Len Steinbarth to request an extension of time to file an answer to the complaint. I indicated to him that I could not afford to retain counsel to fight the claim, and indicated that we owed the money in any event. I did express concern about the fraud claims, clearly indicating to him that no fraud was involved. I further indicated that if fraud claims were to be involved, that we would find a way to retain counsel to fight those allegations. He stated that we need not worry because if the matter were to proceed by default, that no stigma regarding the alleged fraud would be included, and that Gonya simply wanted his money back. Based on those assurances, we allowed the matter to proceed by default. It wasn't until much later that we learned that the judgment taken in the case included fraud claims.

Apparently, Gonya filed a written objection to Younie's statement as hearsay.[2]

A hearing on the motion for *summary* judgment was held on July 25, 1996. The bankruptcy court considered Younie's defense to the summary judgment motion, and stated as follows:

Mr. Younie's defense to the motion for summary judgment is that he basically could not afford to defend and that he was told by Mr. Steinbar [sic], attorney for the plaintiff, that the judgment, if it was a default judgment, would not include fraud elements.

Well, Mr. Steinbar [sic] either didn't say that or didn't live by his word. In any

---

1. Unless otherwise indicated, references to "Chapter," "Section/S" or "Code" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330; references to "Fed.R.Bankr.P." are to the Federal Rules of Bankruptcy Procedure, which make applicable certain Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

2. Gonya refers to this objection as Exhibit 1 in Appellee's Excerpts of Record. These excerpts were not filed nor served upon Debtors. Nevertheless, Debtors have conceded, in their Reply Brief, that there was an objection based on hearsay.

event, there is no evidence by one way or the other from Mr. Steinbar [sic] to that effect.

Other than making the above statement, the bankruptcy court did not specifically overrule or sustain Gonya's hearsay objection, nor did Gonya renew the objection at the hearing.

The bankruptcy court concluded that, based on the default judgment of fraud, it was constrained to apply collateral estoppel. Furthermore, the court found that the established facts and the evidence supported a determination of nondischargeability of the entire debt under § 523(a)(2)(A). The court dismissed the complaint brought under other Code sections. The bankruptcy court's order determining the entire $31,044 judgment nondischargeable was entered on August 12, 1996.[3] Debtors timely appealed.

### ISSUES

1. Whether the default judgment satisfied the requisites for collateral estoppel under California law.

2. Whether the default judgment resulted from extrinsic fraud and, thus, was an exception to the preclusion doctrine.

3. Whether the bankruptcy court erred by finding the entire judgment debt, including $1,400 in attorney's fees, nondischargeable under § 523(a)(2)(A).

### STANDARD OF REVIEW

A grant of a motion for summary judgment is reviewed *de novo. In re Nourbakhsh,* 67 F.3d 798, 800 (9th Cir.1995). The Panel must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact, and if the trial court correctly applied the relevant law. *In re Silva,* 190 B.R. 889, 891 (9th Cir. BAP 1995) (citing *Jesinger v. Nev. Fed. Credit Union,* 24 F.3d 1127, 1130 (9th Cir.1994)); Fed.R.Bankr.P. 7056/Fed.R. Civ.P. 56(c).

"The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial." *In re Aquaslide "N" Dive Corp.,* 85 B.R. 545, 547 (9th Cir. BAP 1987). Once that burden has been met, "the opponent must affirmatively show that a material issue of fact remains in dispute." *Frederick S. Wyle P.C. v. Texaco, Inc.,* 764 F.2d 604, 608 (9th Cir. 1985). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Instead, to demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible in evidence. *Aquaslide,* 85 B.R. at 547.

■ Evidentiary questions decided in the context of summary judgment are reviewed for an abuse of discretion. *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1552 (9th Cir.1989) (reviewing a hearsay challenge to an affidavit under an abuse of discretion standard).

■ The Panel applies the *de novo* standard for reviewing the availability of collateral estoppel. *Silva,* 190 B.R. at 892.

■ We review the bankruptcy court's decision to apply § 523(a)(2)(A) to the state court attorney's fee award *de novo. See In re Levy,* 951 F.2d 196, 197 (9th Cir.1991), *cert. denied,* 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992); *United States for Use and Benefit of Reed v. Callahan,* 884 F.2d 1180, 1185 (9th Cir.1989) (addressing a question involving the district court's application of law to a fee request), *cert. denied sub nom. Esto, Inc. v. Callahan,* 493 U.S. 1094, 110 S.Ct. 1167, 107 L.Ed.2d 1069 (1990).

---

**3.** The bankruptcy court's oral ruling was entered on the docket on August 12, 1996. The Notice of Appeal was filed on August 22, 1996. Then, the lodged order was signed on August 30, 1996, and that judgment was entered on September 3, 1996. The Notice of Appeal was timely as to the August 12, 1996 order. As a premature Notice of Appeal, it is also deemed timely as to the September 3, 1996, order, which embodied the bankruptcy court's oral ruling. *See* Fed. R.Bankr.P. 8002(a).

s

## DISCUSSION

### 1. Requisites of Collateral Estoppel

 Federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Nourbakhsh*, 67 F.3d at 800 (citing *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 1331–32, 84 L.Ed.2d 274 (1985) and 28 U.S.C. § 1738, the Full Faith and Credit statute). Collateral estoppel applies in dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 284–85 & n. 11, 111 S.Ct. 654, 658 & n. 11, 112 L.Ed.2d 755 (1991); *In re Bugna*, 33 F.3d 1054, 1056 (9th Cir.1994).

 Under California law, the application of collateral estoppel requires that:

(1) The issue sought to be precluded from relitigation must be identical to that decided in a former proceeding;

(2) The issue must have been actually litigated in the former proceeding;

(3) It must have been necessarily decided in the former proceeding;

(4) The decision in the former proceeding must be final and on the merits; and

(5) The party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*In re Kelly*, 182 B.R. 255, 258 (9th Cir. BAP 1995), *aff'd*, 100 F.3d 110 (9th Cir.1996).

Debtors contend that elements (1) and (2) and (3) were not met in this case.

### (a) Identical Issues

 Dischargeability of a debt is a question of federal law, and is governed by the provisions of the Code. *In re Berr*, 172 B.R. 299, 304 (9th Cir.BAP1994).

Section 523(a)(2)(A) provides that a debt may be excepted from discharge to the extent it was obtained by:

false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; . . . .

 Section 523(a)(2)(A) requires proof by a preponderance of the evidence of the following five elements:

(1) [that] the debtor made the representations;

(2) that at the time he knew they were false;

(3) that he made them with the intention and purpose of deceiving the creditor;

(4) that the creditor relied on such representations;

(5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

*In re Kirsh*, 973 F.2d 1454, 1457 (9th Cir. 1992) (alteration in original); *Garner*, 498 U.S. at 291, 111 S.Ct. at 661.

 Debtors contend that the state court proceedings did not resolve facts satisfying elements (2) and (4). They contend that there was no evidence before the state court that Gonya's reliance on the representations was justifiable. *See Field v. Mans*, —— U.S. ——, ——, 116 S.Ct. 437, 446, 133 L.Ed.2d 351 (1995) (Section 523(a)(2)(A) requires "justifiable, but not reasonable, reliance"; further holding that the "reasonableness" of the reliance is relevant). Debtors further contend that Gonya's averment in bankruptcy court that he "reasonably relied" was insufficient and conclusory evidence of that factual issue. *Kirsh*, 973 F.2d at 1456 (the determination of justifiable reliance is a question of fact).

 The § 523(a)(2)(A) elements "mirror the elements of common law fraud." *In re Hashemi*, 104 F.3d 1122, 1125 (9th Cir.), *as amended, cert. denied*, —— U.S. ——, 117 S.Ct. 1824, 137 L.Ed.2d 1031 (1997). The Supreme Court has noted that both actual and justifiable reliance are embodied in the common-law concept of "actual fraud." *Mans*, —— U.S. at ——–——, 116 S.Ct. at 443–445. Moreover, the Supreme Court noted that actual fraud under California law required the "intermediate level of reliance, most frequently referred to as justifiable reliance." *Id.* at —— & n. 12, 116 S.Ct. at 445

& n. 12 (citing *Seeger v. Odell*, 18 Cal.2d 409, 115 P.2d 977, 980–981 (1941)). This observation is borne out in California case law. To establish actual fraud in California, the plaintiff must show: " '(1) misrepresentation; (2) knowledge of the falsity of the representation; (3) intent to induce reliance; (4) justifiable reliance; and (5) damages.' " *In re Jogert, Inc.*, 950 F.2d 1498, 1504 (9th Cir. 1991) (quoting *Stewart v. Ragland*, 934 F.2d 1033, 1043 (9th Cir.1991)).

Gonya's complaint in state court alleged all of the required elements for actual fraud under California law, including the allegation that Debtors' knew their representations were false and that Gonya relied on those representations in making the loan. The default judgment, therefore, was an adjudication of a fraud issue identical to that required to find the debt nondischargeable under federal law.

### (b) Necessarily Determined

■ Debtors contend that the default judgment did not set forth all of the factual findings necessary to the judgment, thus that the judgment was improperly given collateral estoppel effect. Debtors cite California Code of Civil Procedure § 1911, which states:

> That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto.

Cal.Civ.Proc.Code § 1911 (West 1983).

A judgment must indicate what was adjudicated, as distinguished from setting forth findings of fact and conclusions of law. The default judgment contains some factual findings, but only those related to the fraud counts of the complaint, not the breach of contract count. The judgment clearly determined, therefore, that Debtors had committed fraud and that the judgment was an adjudication of the fraud issue. Such a judgment necessarily included a determination of all of the facts required for actual fraud under California law. *See Servente v. Murray*, 10 Cal.App.2d 355, 52 P.2d 270, 274 (1935) ("Matters put in issue, although not expressly mentioned in the judgment, if de-termined by necessary implication, are conclusive ...." referring to *res judicata* effect of judgment).

### (c) Actually Litigated

■ Debtors contend that the default judgment was not "actually litigated" and was not entitled to collateral estoppel effect. In *Nourbakhsh*, the Ninth Circuit Court of Appeals held that the bankruptcy court had to give collateral estoppel effect to a state court default judgment when the state in which the judgment was rendered would do so. 67 F.3d at 801.

Debtors cite *In re Chapman*, 125 B.R. 284 (Bankr.S.D.Cal.1991), which articulated the federal law of collateral estoppel. *See Bugna*, 33 F.3d at 1057 n. 1 (citing *Chapman* with approval). The first element listed required that "the party against whom estoppel is asserted must have been a party to the prior adjudication *and actively participated in the litigation.*" *Chapman*, 125 B.R. at 286 (emphasis added) (citing *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987)). Because this is not a correct statement of current California law, *Chapman* is not dispositive.

Debtors also cite *Silva*, a post-*Nourbakhsh* BAP decision, which held that a summary judgment, like a default judgment, should not be given preclusive effect because the debtor did not actively participate in the former proceeding. *Silva* applied federal collateral estoppel law, and did not apply California law. 190 B.R. at 892 n. 1. Thus, *Silva* is not dispositive.

Debtors also cite *In re Vierra*, 173 B.R. 417, 418 (Bankr.N.D.Cal.1994), in which the bankruptcy court disagreed with the Panel's conclusion in *Nourbakhsh* that a default judgment met the actually litigated requirement. *See In re Nourbakhsh*, 162 B.R. 841, 844 (9th Cir. BAP 1994), *aff'd*, 67 F.3d 798 (9th Cir.1995). However, the court reluctantly followed the BAP precedent, and applied collateral estoppel in determining a state court default judgment debt to be non-

dischargeable under § 523(a)(2).[4] *Vierra* supports Gonya's, not the Debtors', position in this appeal.

Finally, Debtors contend that *Nourbakhsh* is distinguishable on its facts and should be limited to its facts and applicable Florida law. In that case, the debtor had partially participated in the state court litigation by filing and attending a hearing on a motion to dismiss the complaint for lack of jurisdiction, which was denied. The debtor also served answers to interrogatories. *Nourbakhsh,* 162 B.R. at 842–43. However, the debtor did not answer the complaint, therefore, default judgment was entered against him.

In contrast, Debtors did not prepare nor file any pleadings in state court. However, Debtors have not presented any California case law which holds that the collateral estoppel effect of a default judgment is modified by the amount of participation by the defendant, short of not filing an answer, in the litigation. *See* Cal.Civ.Proc.Code § 585 (West Supp.1997) ("Judgment may be had, if the defendant fails to answer the complaint...."). Therefore, a default judgment is a default judgment. *See In re Green,* 198 B.R. 564, 566 (9th Cir. BAP 1996) (a default judgment entered after defendant's answer was stricken was entitled to collateral estoppel effect); *In re Lake,* 202 B.R. 751, 754–55, 757 n. 6 (9th Cir. BAP 1996) (BAP determined that a default judgment satisfies the "actually litigated" prong where the facts showed that debtors did not participate in state court litigation; but it remanded on the issue of extrinsic fraud).

In California, it is well settled that a default judgment is:

> conclusive to the issues tendered by the complaint as if it had been rendered after answer filed and trial had on the allegations denied by the answer.... Such a judgment is res judicata as to all issues aptly pleaded in the complaint and defendant is estopped from denying in a subsequent action any allegations contained in the former complaint.

*In re Moore,* 186 B.R. 962, 971 (Bankr. N.D.Cal.1995) (quoting *Fitzgerald v. Herzer,* 78 Cal.App.2d 127, 177 P.2d 364, 366 (1947)).

In California, a default judgment satisfies the "actually litigated" requirement for the application of collateral estoppel. *Lake,* 202 B.R. at 757 & n. 6; *Green,* 198 B.R. at 566 (citing *Four Star Elec., Inc. v. F & H Constr.,* 7 Cal.App.4th 1375, 10 Cal. Rptr.2d 1, 5 (1992)).

## 2. *Extrinsic Fraud*

Debtors contend in their opening brief that the bankruptcy court should not have given preclusive effect to the default judgment because Debtors' failure to appear was due to opposing counsel's "fraud" and misrepresentations to them.

A state court judgment is subject to collateral attack if the judgment was procured by extrinsic fraud. *Lake,* 202 B.R. at 758. Extrinsic fraud is an exception to the application of the full faith and credit doctrine such that a judgment procured by fraud may be disregarded by the bankruptcy court. *Id.* (recognizing bankruptcy court's jurisdiction over such a collateral attack); *In re Naemi,* 128 B.R. 273, 279 (Bankr.S.D.Cal. 1991). California law controls the exception. *Lake,* 202 B.R. at 758.

Extrinsic fraud entails preventing a party from presenting all of his case to the court, as opposed to defrauding the party with respect to the substantive rights being adjudicated at a proceeding. *E. & J. Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1287 (9th Cir.1992). Classic examples of extrinsic fraud include keeping a party in ignorance of a lawsuit or inducing him not to appear, or concealing a claim or defense. *Lake,* 202 B.R. at 758, citing 8 E.B. WITKIN, CALIFORNIA PROCEDURE §§ 204–10, 215A (3d ed. 1988 & Supp.1996).

To warrant relief on the basis of extrinsic fraud, the moving party must establish: (1) facts constituting extrinsic fraud; (2) a substantial defense on the merits; and (3)

---

**4.** The District Court later remanded the case because the bankruptcy court incorrectly applied South Carolina law, which did not give collateral estoppel effect to default judgments. *Stokes v. Vierra,* 185 B.R. 341, 344 (N.D.Cal.1995).

diligence in seeking relief from the adverse judgment. *In re Marriage of Damico,* 7 Cal.4th 673, 29 Cal.Rptr.2d 787, 796, 872 P.2d 126, 135 (1994). In addition, a party seeking relief from a default judgment must also present a satisfactory excuse for not defending in the original action. *Lake,* 202 B.R. at 759 (citing *Stiles v. Wallis,* 147 Cal.App.3d 1143, 195 Cal.Rptr. 377, 378 (1983)).

Debtors presented evidence in the form of Younie's declaration, that Steinbarth misled Debtors as to the effect of the default judgment and prejudicially influenced Debtors' decision to defend the action, as follows:

9. When the state court action was filed, I phoned Attorney Len Steinbarth to request an extension of time to file an answer to the complaint. I indicated to him that I could not afford to retain counsel to fight the claim, and indicated that we owed the money in any event. I did express concern about the fraud claims, clearly indicating to him that no fraud was involved. I further indicated that if fraud claims were to be involved, that we would find a way to retain counsel to fight those allegations. *He stated that we need not worry because if the matter were to proceed by default, that no stigma regarding the alleged fraud would be included, and that Gonva simply wanted his money back.* Based on those assurances, we allowed the matter to proceed by default. It wasn't until much later that we learned that the judgment taken in the case included fraud claims.

(Emphasis added.)

■ There is a threshold evidentiary issue as to whether the bankruptcy court admitted this evidence. The excerpt from the transcript, cited under the Facts section, indicates that the bankruptcy judge considered the evidence, despite the hearsay objection. This was not an abuse of discretion because a statement is not hearsay if it is offered against a party and it was made by the party's agent concerning a matter within the scope of the agency or employment. *United States v. Brandon,* 50 F.3d 464, 468 (7th Cir.1995) (an attorney may be the agent of his client for purposes of Federal Rule of Evidence 801(d)(2)(D)). Moreover, the state-

ment was not offered to prove the truth of the matter asserted in the statement. See Federal Rule of Evidence 801.

The bankruptcy court basically determined that Younie's declaration was insufficient evidence to raise an issue of fraud when it stated:

Mr. Younie's defense to the motion for summary judgment is that he basically could not afford to defend and that he was told by Mr. Steinbar [sic], attorney for the plaintiff, that the judgment, if it was a default judgment, would not include fraud elements.

Well, Mr. Steinbar [sic] either didn't say that or didn't live by his word. In any event, there is no evidence ... one way of the other from Mr. Steinbar [sic] to that effect.

As stated above, Debtors were required to prove that they had a satisfactory excuse for not appearing in state court and that they showed due diligence in setting aside the default judgment. Even if Younie's averment is presumed to be true, Debtors did not show the required diligence. The default judgment was entered in 1992. Debtors did not seek to set aside that judgment until after they filed bankruptcy in 1995. The elapse of a few years weakens Younie's statement in light of the absence of a Steinbarth deposition or other evidence.

■ Moreover, Younie's statement is ambiguous. What does Steinbarth's alleged statement mean, that "no stigma regarding the alleged fraud would be included"? This is not a statement that Gonya would withdraw the complaint as to the fraud counts. Debtors certainly had notice of the complaint and the intended litigation. If Debtors relied on those particular words, their excuse for not appearing is not satisfactory.

Although Debtors presented some evidence of extrinsic fraud, the Panel affirms the bankruptcy court's determination that the evidence submitted by Debtors was insufficient to create a triable issue. *Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510 (a factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

### 3. Dischargeability of Attorney's Fees

The bankruptcy court determined that the entire default judgment, including $1,400 in attorney's fees, was nondischargeable. Debtors contend that the bankruptcy court erred in this ruling because attorney's fees were not part of the debt for fraud. Gonya contends that Debtors have raised this issue for the first time on appeal. Because the application of § 523(a)(2)(A) to determine the dischargeability of attorney's fees which are part of the underlying judgment is a matter of law, the Panel in its discretion will consider this issue. *In re Professional Inv. Properties of America*, 955 F.2d 623, 625 (9th Cir.1992).

Section 523(a)(2)(A) provides for nondischargeability of a debt "to the extent obtained by false pretenses, a false representation, or actual fraud." The Ninth Circuit Court of Appeals has held that this limiting language only excepts from discharge "the actual value of money or property received by a debtor by virtue of fraud." *Levy*, 951 F.2d at 199 (punitive damages are not an exception to discharge under § 523(a)(2) but may be excepted under § 523(a)(6)) (quoting *Garner*, 498 U.S. at 282 n. 2, 111 S.Ct. at 657 n. 2). *See also Vierra*, 173 B.R. at 418 (extending *Levy*, and finding no basis for attorney's fee award as part of underlying judgment to be nondischargeable under § 523(a)(2)).

More recent Ninth Circuit cases have held that attorney's fees and costs that are "ancillary obligations" may attach to the primary debt if they have "a direct and apparent genesis in the original claim," and if they "are directly consequent to the setting of damages by the courts in the form of final judgments, and the costs of securing performance thereof." *In re Florida*, 164 B.R. 636, 639 (9th Cir.BAP1994). One court's rationale is as follows:

> [T]o rule that the debtor need not pay attorney's fees on the basic fraud action because he forced the litigation into the bankruptcy court before it could take place in a state forum is to reward someone who has been found by this court to be a defrauder.

*In re Klause*, 181 B.R. 487, 498 (Bankr. C.D.Cal.1995).

Other circuit courts agree. "[I]f the actual damages are non-dischargeable under ... § 523(a)(2)(A) ... the attorney's fees will also be non-dischargeable." *Levinson*, 831 F.2d at 1296 (citing *In re Hunter*, 771 F.2d 1126, 1131 (8th Cir.1985)).

Furthermore, the Ninth Circuit Court of Appeals clearly has held that prevailing creditors in nondischargeability proceedings are entitled to their contractual attorney's fees under state law if the bankruptcy court adjudicates a contract action in connection with the bankruptcy court proceeding. *Hashemi*, 104 F.3d at 1126–27; *In re Baroff*, 105 F.3d 439, 442 (9th Cir.1997) (prevailing creditor can recover partial attorney's fees in nondischargeability action for litigation of contract enforcement question determined by the bankruptcy court).

Where the state court already awarded attorney's fees pursuant to state law, the foregoing Ninth Circuit precedent would allow those fees to be excepted from discharge as part of the total state court judgment. It was evident from the default judgment that the state court awarded damages which flowed from Debtors' "intentional misrepresentation." Even though the complaint sought attorney's fees in the breach of contract count, the judgment specifically awarded them as part of the damages for fraud.

Therefore, the bankruptcy court did not err by determining that the entire judgment debt for fraud, including attorney's fees was nondischargeable.

### CONCLUSION

The bankruptcy court properly applied collateral estoppel to the default judgment. The factual issues necessary to establish fraud and misrepresentation under § 523(a)(2)(A) were adjudicated in state court, and Debtors did not raise a genuine issue of material fact which would prevent summary judgment in Gonya's favor. The attorney's fee award was part of the underlying fraud judgment and was properly deter-

mined to be nondischargeable. The bankruptcy court's order is **AFFIRMED**.