NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

|  |  |
|---|---|
| In re:<br><br>MENELAOS SARIDAKIS and<br>LISA SARIDAKIS,<br><br>              Debtors.<br>_____<br><br>JAN JANURA; CAROL ANDERSON;<br>JAN JANURA as trustees of the<br>Janura-Anderson Revocable Trust;<br>CAROL ANDERSON as trustee of the,<br>Janura-Anderson Revocable Trust,<br><br>              Appellants,<br><br>v.<br><br>MENELAOS SARIDAKIS;<br>LISA SARIDAKIS,<br><br>              Appellees.<br>_____ | BAP Nos. CC-13-1028-PaTaD<br>          CC-13-1029-PaTaD<br>         (Consolidated)<br><br>Bk. No. 10-24580-BR<br><br>Adv. No. 11-01499-BR<br><br><br><br><br><br><br>**M E M O R A N D U M**[1] |

Argued and Submitted on November 22, 2013
at Pasadena, California

Filed - December 10, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Barry Russell, Bankruptcy Judge, Presiding

Appearances:     Michael David Franco, Esq. argued for appellants;
                  Stephen B. Goldberg, Esq. of Spierer Woodward
                  Cobalis & Goldberg APC argued for appellees.

Before: PAPPAS, TAYLOR and DUNN, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

Appellants Jan Janura and Carol Anderson, as individuals and as trustees of the Janura-Anderson Revocable Trust ("Appellants"), appeal the bankruptcy court's judgment denying an exception to discharge as to the debt owed them by Lisa and Menelaos Saridakis ("Debtors") under § 523(a)(2)(A), (a)(4) and (a)(6), and the order denying Appellants' motion for a new trial based on newly discovered evidence. We AFFIRM.

## FACTS

Appellants entered into a contract to purchase a condominium unit in Redondo Beach, California (the "Property") from Debtors, who were both the builders and sellers of the Property. After the September 2008 closing, and upon taking possession, Appellants discovered numerous building defects, only some of which were repaired or resolved by Debtors. Appellants sued Debtors and their construction company, Saridakis Construction, Inc., in state court.[2] The action was stayed when, on April 15, 2010, Debtors filed a chapter 7 bankruptcy petition.

Appellants sought relief from the automatic stay in the bankruptcy case to proceed with the state court action, which relief was granted by the bankruptcy court on August 19, 2011. The state court action progressed to the point where Appellants sought entry of a default judgment against both Debtors individually and their company on February 2, 2012. Appellants submitted a proposed default judgment to the state court on July 27, 2012, as to Debtors individually, and on August 14, 2012, as to their corporation. After a lengthy delay, during which it

---

[2] <u>Esplande Redondo, LLC fka Jan Janura and Carol Anderson v. Williams Campbell, et al.</u>, Cal. Superior Ct. Case No. YC065041.

-2-

appears the proposed judgments were lost, Appellants resubmitted the proposed default judgments and, on November 7, 2012, the default judgment was entered against the corporation.  Unbeknownst to the parties, a default judgment also apparently was entered against Debtors individually on November 7, 2012.  The default judgment against Debtors specifically found that Debtors engaged in fraud, and awarded damages to Appellants totaling $272,905.10.[3]

On February 10, 2011, Appellants commenced an adversary proceeding in the bankruptcy court against Debtors seeking a determination that the judgment debt was excepted from discharge under § 523(a)(2)(A), (a)(4) and (a)(6).  A trial occurred on

[3] While Appellants contend there was a default judgment against Debtors in place at the time the bankruptcy court conducted the trial, we have concerns about the accuracy of that representation.  The record on appeal includes a copy of the default judgment against Debtors, dated November 7, 2012, as well as a copy of the state court's docket.  Curiously, the judgment does not appear in the docket.  The docket instead indicates that only one default judgment was entered, against the corporation, dated November 7, 2012, and provides:  "Default Judgment (FOR PLAINTIFFS VS. SARIDAKIS CONSTRUCTION, INC. FOR A TOTAL MONETARY JUDGMENT OF $272,905.10 – JUDGMENT SIGNED BY JUDGE GRAY)."  At trial in the bankruptcy court, Appellants' counsel acknowledged that this judgment was against the corporation only.

To add to the confusion, the Panel questions the continuing validity of the default judgment against the corporation on the date the bankruptcy court trial was conducted.  Fed. R. Evid. 201(b)(2) authorizes a bankruptcy court to take judicial notice of facts which may be accurately and readily determined from sources whose accuracy may not reasonably be questioned.  Pursuant to this authority, we have independently checked the state court's docket, which shows, as to the default judgment against the corporation, that "**JUDGMENT VACATED PURSUANT TO COURT'S 11/15/12 ORDER **."  However, no order dated November 15, 2012 appears on the docket to explain this addendum.

The import of all this is perplexing.  It is possible that the state court entered a default judgment against Debtors on November 7, 2012, as it appears in the record on appeal, but for some reason, this judgment was not entered in the state court's docket.  There are other possible scenarios about which we will not speculate.  However, because the record contains a copy of a default judgment against Debtors dated November 7, 2012, for purposes of this appeal, the Panel assumes it was validly entered on that date.

-3-

November 14, 2012, at which the bankruptcy court determined that the state court had entered a default judgment against the corporation only. After hearing the parties' evidence, the bankruptcy court ruled that Appellants had not shown that Debtors knew of the defects and concealed them. In light of this determination, during the oral ruling following the trial, the bankruptcy court vacated its prior stay relief order, indicating that it did not want a second judgment to be entered by the state court. The bankruptcy court's oral ruling was followed up with a written order, filed November 16, 2012, vacating the prior stay relief order.

On January 9, 2013, Appellants filed an Application/Motion for New Trial on the Basis of Newly Discovered Evidence. In the motion, Appellants argued that the default judgment that had been entered against Debtors in state court on November 7, 2012, was new evidence which could not have been discovered prior to trial by due diligence. To prove this allegation, Appellants pointed to the Declaration of Robert Duzey, their counsel in the state court proceedings, filed on November 14, 2012, the same date as the trial in bankruptcy court. In that Declaration, Mr. Duzey declared that, while a state court default judgment against the Debtors should be forthcoming, it had not yet been entered. Attached to the declaration was a copy of the state court docket printed the day before, November 13, 2012. Appellants asserted to the bankruptcy court that had the default judgment been entered, its fraud findings would be entitled to preclusive effect, likely resulting in a judgment in their favor in the adversary proceeding, making this newly discovered evidence highly relevant.

The bankruptcy court denied Appellants' motion the following day, January 10, 2013, in an order entered without a hearing. On January 14, 2013, the bankruptcy court entered a judgment in Debtors' favor, in which it concluded that Appellants failed to prove the elements for an exception to discharge under § 523(a)(2), (a)(4), and (a)(6).

On January 24, 2013, Debtors filed timely appeals of the Order Denying Motion for New Trial on the Basis of Newly Discovered Evidence, and the Judgment. The Panel ordered the appeals consolidated on March 29, 2013.

**JURISDICTION**

The bankruptcy court had jurisdiction over the adversary proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE ON APPEAL**

Whether the bankruptcy court erred in denying Appellants' Motion for New Trial and granting a judgment in Debtors' favor.

**STANDARD OF REVIEW**

"We review a [bankruptcy] court's order denying a motion for a new trial made on the ground of newly discovered evidence for abuse of discretion." United States v. Hinkson, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc) (quoting United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir. 1992)).

A bankruptcy court abuses its discretion if its decision is based on an incorrect legal rule, or if its findings of fact were illogical, implausible, or without support in the record. Hinkson, 585 F.3d at 1262.

**DISCUSSION**

A trial court may grant a motion to alter or amend a judgment under Civil Rule 59(e) where the moving party has established "(1) manifest error of fact, (2) manifest error of law, or (3) newly discovered evidence." Hale v. U.S. Trustee (In re Basham), 208 B.R. 926, 934 (9th Cir. BAP 1997), aff'd, 152 F.3d 924 (9th Cir. 1998). In this appeal, Appellants assert the presence of newly discovered evidence, and contend that the evidence is of such magnitude that it warrants a new trial. To establish that the bankruptcy court abused its discretion in denying the motion for a new trial based upon newly discovered evidence, Appellants must demonstrate: "(1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage, and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case." Defenders of Wildlife v. Bernal, 204 F.3d 920, 929 (9th Cir. 2000).

As to the first Bernal factor, the record supports a finding that Appellants discovered the new evidence, the default judgment against Debtors, after the trial. The day before trial, Appellants' counsel had examined the docket of the state court action and determined that no judgment against Debtors had yet been entered. Moreover, it seems clear from the comments of counsel for the parties at trial that they were both unaware that the default judgment had been entered against Debtors individually. There is no evidence in our record to show when, exactly, the parties actually received notice of the default

-6-

judgment entered against Debtors individually, but it clearly did not occur prior to trial.

The second factor is also met. Counsel for Appellants had not received a copy of the signed default judgment in the mail, nor did it appear on the state court's docket; indeed, it still does not appear on that docket. Thus, there was no reason to believe the judgment had been entered against Debtors.

Application of the third factor is more complex. That factor instructs us to consider whether the newly discovered evidence was of such magnitude that, had it been discovered earlier, the outcome of the case would likely have been different. If the bankruptcy court would have been compelled to give preclusive effect to the default judgment concerning Debtors' alleged fraud, this element would very likely be met. But we conclude that the bankruptcy court was not required to give the default judgment preclusive effect.

The doctrine of collateral estoppel[4] applies in dischargeability proceedings to preclude the relitigation of state court findings relevant to exceptions to discharge. Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001); T & D Moravits & Co. v. Munton (In re Munton), 352 B.R. 707, 712 (9th Cir. BAP 2006). Under the Full Faith and Credit Act,[5] we apply

_____

[4] We recognize that the preferred term is "issue preclusion," rather than collateral estoppel. However, since the parties and the other courts cited here employ the latter term, we will also do so.

[5] The Full Faith and Credit Act requires federal courts to give state judicial proceedings "the same full faith and credit . . . as they have by law or usage in the courts of [the] State . . . from which they are taken." 28 U.S.C. § 1738. In practical
(continued...)

-7-

the preclusion law of the state in which the judgment originates. In re Harmon, 250 F.3d at 1245; In re Munton, 352 B.R. at 712. Under California law, five threshold requirements must be met in order for issue preclusion to apply:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

In re Harmon, 250 F.3d at 1245 (citing Lucido v. Super. Ct., 51 Cal.3d 335, 337 (1990)). The party asserting collateral estoppel bears the burden of proof on each of these requirements. In re Harmon, 250 F.3d at 1245.

In the state court complaint, Appellants alleged that Debtors committed actual fraud. Thus, for purposes of § 523(a)(2)(A), the first criterion is met. This is not the case for § 523(a)(4) and (a)(6), as there were no allegations in the state court complaint that Debtors were fiduciaries, nor that they willfully and maliciously injured Appellants.

With regard to the second requirement, it is settled under California law that a default judgment fulfills the criterion requiring that the issues be actually litigated in the earlier proceeding:

> [A default judgment is] conclusive to the issues tendered by the complaint as if it had been rendered

---

[5](...continued)
terms, this act requires federal courts to apply the res judicata rules of a particular state to judgments issued by courts of that state. Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 519 (1986).

after answer filed and trial had on the allegations denied by the answer. . . . Such a judgment is res judicata as to all issues aptly pleaded in the complaint and defendant is estopped from denying in a subsequent action any allegations contained in the former complaint.

Younie v. Gonya (In re Younie), 211 B.R. 367, 375 (9th Cir. BAP 1997) (citing In re Moore, 186 B.R. 962, 971 (Bankr. N.D.Cal. 1995) (quoting Fitzgerald v. Herzer, 78 Cal.App. 2d 127, 129 (1947))).[6]  Thus, in California, a default judgment satisfies the "actually litigated" requirement for the application of collateral estoppel.  In re Younie, 211 B.R. at 375 (citing Lake v. Capps (In re Lake), 202 B.R. 751, 757 & n.6 (9th Cir. BAP 1996); Green v. Kennedy (In re Green), 198 B.R. 564, 566 (9th Cir. BAP 1996)). The third criterion is also met, as the issue of actual fraud was necessarily decided according to the allegations of the complaint.

As to the fourth requirement, a default judgment is "final" at the conclusion of the sixty-day appeal period.  McKee v. Nat'l Union Fire Ins. Co., 15 Cal. App.4th 282, 289 (1993) ("A judgment is not 'final' for res judicata purposes until the appeal is concluded or the time within which to appeal has passed"); Cal. Rules of Ct., Rule 8.104.  Thus, the default judgment became final at the earliest on January 6, 2013, three days before Appellants filed their motion for new trial, although it was not final when the bankruptcy court conducted its trial.

The parties in the state court and the bankruptcy court are the same for purposes of the fifth requirement.

It would appear, then, aside from the question of the

---

[6]  We observe in passing, however, that California is in the minority, and most states do not afford preclusive effect to default judgments.  See Murray v. Alaska Airlines, Inc., 522 F.3d 920, 924 (9th Cir. 2008)(citing Restatement (Second) of Judgments § 27, cmt. e).

-9-

finality of the judgment against Debtors, that the default judgment could have been afforded preclusive effect in the dischargeability proceeding.  The bankruptcy court seemed to acknowledge this at the trial, in a colloquy with counsel:

> GOLDBERG (Debtors' counsel): What I would expect is if there is a fraud judgment, which might even be used as collateral estoppel in this Court —
>
> THE COURT: Oh, it would be if – I've read their papers here — if the judge signs that, there would be a pretty good chance of it.

Trial Tr. 9:20-25, November 14, 2012.

However, even if collateral estoppel otherwise would be available to a bankruptcy court, under both federal bankruptcy law and California law, the bankruptcy court retains discretion whether to apply it, because "issue preclusion is not applied automatically or rigidly, and courts are permitted to decline to give issue preclusive effect to prior judgments in deference of countervailing considerations of fairness."  In re Lopez, 367 B.R. 99, 108 (9th Cir. BAP 2007).  Put another way, even if all five requirements are met, California courts will give preclusive effect to a judgment "only if application of preclusion furthers the public policies underlying the doctrine."  In re Harmon, 250 F.3d at 1245.  When asked to give a judgment preclusive effect, the trial court should balance "the need to limit litigation against the right of a fair adversary proceeding in which a party may fully present the facts."  Id. (quoting 1 Ann Taylor Schwing, CAL. AFFIRMATIVE DEFENSES 2d § 15:8 (2006)); see also Direct Shopping Network, LLC, 206 Cal. App. 4th 1551, 1562 (2012) (quoting Smith v. ExxonMobil Oil Corp. 153 Cal. App. 4th 1407, 1414 (2007)) ("[E]ven where the technical requirements are all

-10-

met, the [collateral estoppel] doctrine is to be applied 'only where such application comports with fairness and sound public policy.'"). As this Panel has noted, "the preferable approach . . . in the federal courts is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied." In re Lopez, 367 B.R. at 107-08 (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331 & nn.14-16 (1979)).

Here, while the bankruptcy court acknowledged that the default judgment could potentially be given preclusive effect, it instead exercised its discretion and declined to do so in favor of conducting a live trial. The court repeatedly expressed a dislike for default judgments, stating "this is a very good example of why I personally do not like default judgments. Because you only see one side, and it's fairly easy to get them." Trial Tr. 121:18-20. The court reiterated this theme in the order denying Appellants' motion for a new trial:

> It is true that at the time of trial, this Court and the parties were unaware of the November 7, 2012 default judgment of the superior court, but it would be an incredible injustice to grant the motion for a new trial. Although the circumstances are unusual, this is a court of equity and, as stated above, it would be an incredible injustice to give preclusive effect to the state court judgment. Default judgments are disfavored for many reasons, including that such a judgment is a one-sided story without an opportunity for defendants to tell their side of the story. Before us is a classic example that given a full and fair trial, the truth will prevail.

The bankruptcy court's decision not to give preclusive effect to the state court judgment under the circumstances of this case is consistent with longstanding Ninth Circuit policy that default judgments are disfavored because "cases should be decided upon

-11-

their merits whenever reasonably possible." <u>Westchester Fire Ins. Co. v. Mendez</u>, 585 F.3d 1183, 1189 (9th Cir. 2009). In commenting on application of California collateral estoppel, the Ninth Circuit recognized that whether the parties had the opportunity to fully litigate a dispute could be considered by the bankruptcy court in the decision to apply collateral estoppel:

> Under California law, the presence or absence of a full and fair opportunity to litigate usually is relevant not to the threshold inquiry, but rather to the public policy inquiry[.]

<u>In re Harmon</u>, 250 F.3d at 1247 n.6 (internal citations omitted).

The bankruptcy court concluded that it would be unjust to give preclusive effect to the newly discovered state court default judgment under the circumstances. The bankruptcy court previously conducted a trial on the merits which included evidence and testimony, and after which it issued oral findings and conclusions. Indeed, in its oral findings of fact and conclusions of law, the bankruptcy court repeatedly stated there was no evidence "whatsoever" of fraud, and found that Appellants "[had] not even come close to meeting" the burden of proof required. Trial Tr. 122:8-9, 14; 123:7-9, 16-18; 124:11-13. Given these facts, the bankruptcy court did not abuse its discretion when it declined to give preclusive effect to a default judgment discovered only post-trial.

Accordingly, we conclude that the existence of a state court default judgment against Debtors would not constitute evidence of such magnitude that it would change the outcome of the case. Appellants' request for an exception to discharge was rejected after a trial on the merits. Moreover, even if the bankruptcy

-12-

court had given preclusive effect to the default judgment, such would not guarantee a victory for Appellants. Rather, the bankruptcy court would have had to consider whether all of the required elements of § 523(a) had been met through the default judgment. In other words, even if given preclusive effect, the default judgment may have limited the issues for trial, but it would not necessarily have dictated the outcome.

In short, because dischargeability is unique to the bankruptcy arena, and because in California application of the preclusion doctrine must comport with overall fairness, the bankruptcy court had the discretion to deny preclusive effect to the state court default judgment under these facts. Since Appellants failed to establish the preclusive effect of the state court judgment, they failed in their burden of proof to establish an exception to discharge under § 523(a)(2)(A).

**CONCLUSION**

We AFFIRM the bankruptcy court's order denying Appellants' motion for a new trial and the judgment.

-13-