**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: NANCY ANN HOWELL,<br><br>           Debtor,<br><br>———————————————————<br><br>NANCY ANN HOWELL,<br><br>           Appellant,<br><br>  v.<br><br>LAW OFFICES OF ANDREW S BISOM;<br>EISENBERG LAW FIRM,<br><br>           Appellees. | No.   17-55027<br><br>D.C. No. 8:15-cv-01883-CAS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Chapter 7 debtor Nancy Ann Howell appeals pro se from the district court's

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

order affirming the bankruptcy court's orders granting appellees' motion to reopen Howell's bankruptcy case and motion for retroactive relief from the automatic stay. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal from a bankruptcy court, giving no deference to the district court's determinations. *In re Mantz*, 343 F.3d 1207, 1211 (9th Cir. 2003). We affirm.

The bankruptcy court did not abuse its discretion in granting appellees' motion to reopen because such relief was necessary in the interests of justice. *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100, 1103 (9th Cir. 2006) (setting forth standard of review and noting that Fed. R. Civ. P. 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice . . . ." (citation and internal quotations omitted)).

The bankruptcy court did not abuse its discretion in granting appellees retroactive relief from the automatic stay because it properly balanced the equities and concluded that appellees would suffer prejudice and irreparable injury. *See* 11 U.S.C. § 362(d)(1) (court can grant relief from automatic stay "for cause"); *Nat'l Envtl. Waste Corp. v. City of Riverside (In re Nat'l Envtl. Waste Corp.)*, 129 F.3d 1052, 1054-55 (9th Cir. 1997) (courts should "balance[ ] the equities" on a case by case basis in granting retroactive stay relief); *see also In re Fjeldsted*, 293 B.R. 12, 25 (9th Cir. BAP 2003) (though a bankruptcy court may consider multiple factors,

such as prejudice and irreparable injury, in deciding to grant retroactive stay relief, "[i]n any given case, one factor may so outweigh the others as to be dispositive").

We reject as meritless Howell's contentions that appellees' motion to reopen was untimely pursuant to Fed. R. Bankr. P. 9024 and that it was improper for appellees to submit to this court a copy of the district court decision.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**